1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

                Plaintiff,

   v.

WASHINGTON STATE INSURANCE
COMMISSIONER, et al.,

              Defendants.

CASE NO. C23-6108 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Tiffany Recinos's most recent application for leave to proceed *in forma pauperis*, Dkt. 1, supported by her proposed complaint, Dkt. 1-1. This is the 38th case Recinos has filed in this District, this year. It is the twelfth such case she has filed in the past 30 days.

This time, Recinos seeks sue Washington State and "unknown individuals who settled her cases without her consent." Dkt. 1-1 at 1. The legal basis for her claim is the "Pursuit of Happiness." *Id*. at 3. Recinos seeks "$3.25 million USD in lies and false contracts." *Id*. at 5. In support of this claim, Recinos alleges that "Illegal contract settled

1  claims illegally, causing chain reactions to upper and lower courts that all need to be

2  reversed and righted."

3      A district court may permit indigent litigants to proceed *in forma pauperis* upon

4  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has

5  broad discretion in resolving the application, but "the privilege of proceeding *in forma*

6  *pauperis* in civil actions for damages should be sparingly granted[.]" *Weller v. Dickson*,

7  314 F.2d 598, 600 (9th Cir. 1963). A person is eligible to proceed *in forma pauperis* if

8  they are unable to pay the costs of filing and still provide the necessities of life. *See*

9  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203

10 (1993) (internal quotations omitted).

11     Even if a plaintiff is indigent, a court should "deny leave to proceed *in forma*

12 *pauperis* at the outset if it appears from the face of the proposed complaint that the action

13 is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th

14 Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma*

15 *pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*,

16 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

17 *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

18     A pro se plaintiff's complaint is to be construed liberally, but like any other

19 complaint it must nevertheless contain factual assertions sufficient to support a facially

20 plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

21 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible

22

1   when "the plaintiff pleads factual content that allows the court to draw the reasonable

2   inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3   Ordinarily, the Court will permit pro se litigants an opportunity to amend their

4   complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655

5   F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is

6   clear, upon de novo review, that the complaint could not be saved by any amendment.")

7   Recinos has again failed to meet this standard. She has not identified any

8   defendant, or any person who settled any of her numerous claims. She has not plausibly

9   alleged that her claims were settled, at all, much less without her consent or knowledge.

10  Indeed, the vast majority of her claims have already been dismissed for failure to state a

11  plausible claim.

12  Recinos appears to be referring to this Court's December 1, 2023, Notice of Intent

13  to Issue a Bar Order, which has been filed in each of her cases (except those that she has

14  filed since that date). It is attached to, and incorporated into, this Order as Appendix A.

15  That Order has nothing to do with any class action, and it has nothing to do with

16  any settlement of any of Recinos's cases. Instead, it addresses the fact that Recinos has

17  filed more than three dozen frivolous, baseless, repetitive, abusive cases in this District,

18  this year. And it informs Recinos that, unless she demonstrates that it should not, the

19  Court intends to enter an Order barring her—preventing her, *stopping* her—from

20  continuing her abusive litigation tactics in this Court, by precluding her from filing any

21  new frivolous cases, like this one, in this District. It is a vexatious litigant order, not a

22  class action settlement order. Recinos's proposed complaint in this case is precisely the

sort of frivolous, abusive litigation the Court intends to stop. Recinos is wasting her time, and the Court's.

Recinos has failed to plausibly allege that this Court has subject matter jurisdiction over her claim against unknown defendants for secretly settling her cases. She has failed to state a plausible claim, and she cannot amend her complaint to do so, as a matter of law.

Recinos's motion for leave to proceed *in forma pauperis* is **DENIED**. The case is **DISMISSED without prejudice** and **without leave to amend**. The Court will not entertain further filings in this case, other than a notice of appeal of this Order.

The Clerk shall enter a **JUDGMENT** and close the case. The Court will enter the Bar Order if Recinos does not respond to it in writing by December 22, 2023.

**IT IS SO ORDERED**.

Dated this 7th day of December, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4

# Appendix A

1
2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3
4
5
6
7
8

TIFFANY RECINOS,

              Plaintiff,

  v.

WASHINGTON STATE INSURANCE
COMMISSIONER,

             Defendant.

CASE NO. C23-5097 BHS

NOTICE OF INTENT TO ENTER
BAR ORDER

9
10
11
12
13

THIS MATTER is before the Court on its own motion. Pro se plaintiff Tiffany Recinos has filed 36 civil cases in this District since February 2023. Twenty-five of the cases have already been dismissed as duplicative, frivolous, or otherwise without merit. The 11 remaining cases are Recinos's most recent filings, and they appear to be similarly deficient as a matter of law. Each will be addressed in a separate order.

14
15
16

In the meantime, for the reasons discussed below, this Order informs Recinos of the Court's intention to enter an Order barring her from commencing similar vexatious litigation in this District.

17

**I.   PROCEDURAL HISTORY**

18
19

This is a brief overview of each of the 25 cases Recinos has filed in this District this year that have been dismissed for failure to state a plausible claim:

20
21
22

1.    ***Recinos v. Washington State Insurance Commissioner***, *et al*., Cause No. 23-cv-5097 BHS, filed February 6, 2023. Recinos sued Washington Insurance Commissioner Mike Kreidler and her home insurer (Nationwide) following water

damage to her home. Though her claims against the Commissioner were dismissed in March, Dkt. 90, Recinos steadily filed various motions, requests, notices, reports, affidavits, amendments, petitions, and other nonsensical and improper documents related to her claims against Commissioner Kreidler (and other non-parties). She made no effort to serve or otherwise pursue her claims against her insurer. The case was dismissed for failure to prosecute and to otherwise comply with Court Orders in September 2023. Dkt. 223.

2.     ***Recinos v. Washington State Insurance Commissioner, et al***., Cause No. 23-cv-5098 DGE, also filed February 6, 2023, asserting the same claims and making the same accusations against the same parties. Dkt. 1 in Cause No. 23-cv-5098 DGE. Four days—and one petition for writ of certiorari, one motion for review by the attorney general, one motion to dismiss removal, one proposed motion for a preliminary injunction, and one "unopposed motion for a bill of particulars"[1]—later, Chief Judge David Estudillo unremarkably dismissed this case without prejudice, as duplicative of the case above. Dkt. 16. Recinos nevertheless continued to file a barrage of motions, reports, affidavits, notices, and other documents over the next nine months. The United States Supreme Court unsurprisingly denied her petition for writ of certiorari in October, Dkt. 118, and on November 17, Recinos filed an untimely and improper notice of appeal to the Ninth Circuit. Dkt. 120.

---

[1] Dkts. 8, 9, 10, 13, and 14, respectively.

3.      ***Recinos v. Maxim Healthcare Services, Inc., et al***., Cause No. 23-cv-5154 DGE, filed February 27, 2023. Recinos asserted that she was fired from her job as a nurse for refusing to get a COVID-19 vaccine. Chief Judge Estudillo adopted Magistrate Judge David Christel's Report and Recommendation (R&R), denied Recinos's application to proceed *in forma pauperis*, and dismissed the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkts. 9, 13, and 14. The Ninth Circuit dismissed her appeal for lack of jurisdiction. Dkt. 23. Recinos's appeal to the United States Supreme Court is apparently pending. Dkt. 24.

4.      ***Recinos v. Concerto Health Care***, Cause No. 23-cv-5155 RJB, filed February 27, 2023. Recinos asserted she was "screamed at" and fired for no reason. Judge Robert Bryan adopted Magistrate Judge Christel's R&R, denied Recinos's application to proceed *in forma pauperis*, and dismissed the case without prejudice and without leave to amend. Dkts. 9, 13, and 14. The Ninth Circuit dismissed Recinos's appeal in October. Dkt. 27. Recinos filed an additional notice of appeal on November 20, 2023. Dkt. 31.

5.      ***Recinos v. Commissioner of Social Security***, Cause No. 23-cv-5183 TLF, filed March 7, 2023. Recinos asserted, without any factual support, that the Social Security Administration "denied her claim" for benefits. Dkt. 1-1. She was ordered to show cause by March 28 why her application to proceed *in forma pauperis* should not be denied. Dkt. 4 Recinos filed seven frivolous motions before she responded to the Court's Order, on March 31. Dkts. 16, 25, 27, 28, 29, 30, 31 and 33. Magistrate Judge Theresa

Fricke[2] granted the defendant's motion to dismiss, Dkt. 59, in June. Dkts. 118 and 119. Recinos continued to file motions for various relief, many of which were wholly unrelated to her claims against the defendant. Dkts. 120, 122, 125, 127, 129, 131, 134, 136, 138, 141, 142, 145, 150, 1512, 155,169, 163, 165, 169, 174. Recinos also attempted to appeal the case several times. Dkts. 200, 204, 205, 207, 213. The Ninth Circuit dismissed her appeal on October 27, 2023. Dkt. 214. Recinos continued to file motions and notices of appeal until November 17, 2023. Dkt. 224. The case remains closed.

6.      ***Recinos v. State of Washington, et al***., Cause No. 23-cv-5433 RSM, filed May 11, 2023. Recinos sought $3.25 million because the state "conspired against the plaintiff to steal child support, SSA allotments, back payments and all other hidden funding that has been suppressed." Dkt. 1-2 at 3. Magistrate Judge Christel ordered Recinos to show cause why the case should not be dismissed as duplicative of the case immediately above. Dkt. 4. In response, Recinos filed her own motion to show cause. Dkt. 5. In June, Judge Ricardo Martinez dismissed the case based on Recinos's failure to respond. Dkt. 8. In October, Recinos filed an untimely notice of appeal. Dkt. 9.

7.      ***Recinos v. Board of Industrial Insurance Appeals and Judge Timothy Wakenshaw***, Cause No. 23-cv-5473 RSM, filed May 24, 2023. Recinos alleges Concerto and Maxim fired her because she was disabled and a medical liability, and Concerto wanted to avoid L&I claims. Recinos sought $3.25 million, and L&I benefits for the rest of her life. She also asked for Judge Wakenshaw to be terminated. Dkt. 1-1. Judge

---

[2] The parties consented to have the case heard by a Magistrate Judge. Dkt. 26.

Martinez ordered Recinos to Show Cause why the court had jurisdiction and why her complaint should not be dismissed as frivolous. Dkt. 14. Recinos responded, Dkt. 16, and she also filed 21 additional motions, briefs, objections, exhibits, reports, and other documents, before Judge Martinez dismissed the case as frivolous in June. Dkt. 36. Recinos's filings continued unabated. Among many other requests, Recinos sought reconsideration, certiorari, and recusal, and informed the Court of her suspicions that all the courts were engaged in criminal activity. Dkts. 37, 53, 59, and 64. Many of her filings had nothing to do with her disability claim or her employment dispute. Judge Martinez ordered her to stop filing in this closed case, Dkt. 58, and she did not. She attempted to appeal the case to the Ninth Circuit in October and November. Dkts. 89, 90, 93, 96, 97, and 99.

8.      ***Recinos v. Equal Employment Opportunity Commission***, Cause No. 23-cv-0791 MJP, filed May 26, 2023. Recinos sought $3.25 million for "denying access to resources to help victimized workers to leave their abusive employers[.]" Dkt. 5 at 3. Over the next six weeks, Recinos filed some 30 motions, reports, amended complaints, exhibits, expert witness disclosures, objections, and surreplies, before she moved for a $30 million default judgement against Judge Marsha Pechman, "to be paid DIRECTLY TO PLAINTIFF AND NO ONE ELSE PRETENDING TO BE ME OR RELATED TO ME IN ANY WAY." Dkt. 36 at 1 and Dkt. 37. On July 17, Judge Pechman dismissed the case without prejudice and with leave to file one more amended complaint stating a plausible claim. Dkt. 40. Recinos filed a similarly deficient amended complaint, Dkt. 50, along with 20 other motions, amendments, affidavits, reports, notices, and records. Judge

1    Pechman dismissed the case with prejudice and denied Recinos's pending motions as

2    moot on August 21. Dkt. 61. Recinos continued her filings, and ultimately attempted to

3    appeal on October 4. Dkt. 71.

4    　　　9.　　***Recinos v. Wakenshaw***, Cause No. 23-cv-5507 JNW, filed June 5, 2023.

5    Recinos sought $3.25 million, for damage done "by not correcting Labor and Industry

6    and Workers Compensation dealings." Dkt. 7 at 3. She moved to arraign Judge

7    Wakenshaw, Dkt. 9; to inspect jurisdictional history, Dkt. 13; for certiorari, Dkt. 14; to

8    enforce RCW Title 51, Dkt. 25; issued a "criminal activity alert," Dkt. 27; sought lifetime

9    vision coverage, Dkt. 34; and recusal, Dkt. 40. Judge Jamal Whitehead ordered her to

10   show cause why the case should not be dismissed as frivolous. Dkt. 51. Recinos filed 15

11   motions, letters, complaints, and other documents, but did not respond to the Order.

12   Judge Whitehead dismissed the case as frivolous in September, Dkt. 67, and Recinos

13   appealed in October. Dkt. 71. Judge Whitehead revoked Recinos's *in forma pauperis*

14   status. Dkt. 78.

15   　　　10.　　***Recinos v. Kreidler***, Cause No. 23-cv-5508 RJB, filed June 5, 2023.

16   Recinos sought $3.25 million, this time from Insurance Commissioner Kreidler, because

17   her "suffering was multiplied with procrastination." Dkt. 1-1 at 3. She asserted that

18   Kreidler was vicariously liable for her home insurer's failure to pay her water damage

19   claim. Magistrate Judge Christel recommended that the Court dismiss the case as

20   duplicative of her claims in *Recinos v. Washington State Insurance Commissioner*, *et al*.,

21   Cause No. 23-cv-5097 BHS. Dkt. 4. In July, Judge Bryan adopted the R&R, denied leave

22

1  to proceed *in forma pauperis*, and dismissed the case without prejudice. Dkt. 5. In

2  October, Recinos appealed. Dkt. 9.

3        11.    ***Recinos v. Recinos, et al***., Cause No. 23-cv-5546 RJB, filed June 16, 2023.

4  Recinos sought $3.25 *b*illion from her former husband and various state entities because

5  her inheritance was stolen. Dkt. 1-1 at 5. Magistrate Judge Fricke ordered Recinos to

6  show cause why the case should not be dismissed as frivolous under 28 U.S.C. § 1915, or

7  to file an amended complaint. Dkt. 7. Judge Fricke recommended that the Court dismiss

8  the case, and Judge Bryan adopted her R&R in August. Dkt. 14. Recinos appealed in

9  October, Dkt. 16, and the Ninth Circuit dismissed her appeal as untimely. Dkt. 19.

10        12.    ***Recinos v. State of Washington and City of Orting***, Cause No. 23-cv-5568

11  BHS, filed June 27, 2023. Recinos sued in this Court regarding a traffic ticket her son

12  received in Orting, asking the Court to remove the ticket from his record. Dkt. 1-1 at 3.

13  Magistrate Judge Grady Leupold recommended the Court dismiss the case for failure to

14  state a plausible claim. Dkt. 10. On September 14, this Court adopted the R&R, denied

15  Recinos's application to proceed *in forma pauperis*, and dismissed the case without

16  prejudice and without leave to amend. Dkts. 12 and 13. Recinos filed an untimely notice

17  of appeal on October 16. Dkt. 14.

18        13.    ***Recinos v. Child Protective Services, et al***., Cause No. 23-cv-5581 MJP,

19  filed June 29, 2023. Recinos claimed her "inheritance was stolen before my murder was

20  attempted" by her "ex-husband and her mom." She sought $3.25 million. She also

21  claimed her 4 minor children were kidnapped by CPS. Dkt. 5 at 5–6. Judge Pechman

22  dismissed the case without prejudice for failure to state a claim, but permitted Recinos an

opportunity to file an amended complaint. Dkt. 16. Recinos filed an amended complaint, largely repeating and expanding on her prior allegations, and seeking $3.25 million and a monthly stipend to fund her pro se attorney work. Dkt. 17 at 2. Judge Pechman dismissed the case with prejudice in August. Dkt. 22. After a wave of additional, nonsensical filings—including, for example, a "REPORT Exempted Disclosure of LANDSLIDE by Insurance Commissioner Mike Kreidler," Dkt. 38—Recinos ultimately and untimely appealed to the Ninth Circuit in October. Dkt. 45. She sent the Court a letter asking it to consolidate all 25 of her cases into one appeal against the discriminating Insurance Commissioner. Dkt. 46.

14.     ***Recinos v. State of Washington, et al***., Cause No. 23-cv-5592 BHS, filed July 1, 2023. Recinos sued the state, several federal judges, CPS, Commissioner Kreidler, and others, seeking $3.25 million for "pain and suffering and all the pro se legal work provided by the plaintiff fixing the State's legal anomalies." Dkt. 1-1 at 4. She also complained again about her stolen inheritance and her disabilities. *Id*. at 5. Magistrate Judge Leupold recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 3. This Court adopted the R&R and dismissed the case on September 6. Dkts. 4 and 5. Recinos filed an untimely notice of appeal on October 19. Dkt. 6.

15.     ***Recinos v. Mormon Church et al***., Cause No. 23-cv-5601 RJB, filed July 7, 2023. Recinos alleged the Mormon Church violated her constitutional rights to life, liberty, and happiness by "stealing her birthright inheritance/religion/family." She again

1 sought $3.25 million. Dkt. 1-1 at 5. Magistrate Judge Fricke ordered Recinos to show

2 cause why the case should not be dismissed for failure to state a plausible claim, or to file

3 an amended complaint. Dkt. 6. Recinos filed an amended complaint, which did not cure

4 the deficiencies. Dkt. 7. Judge Fricke recommended the Court deny Recinos's application

5 to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to

6 amend, for failure to state a plausible claim. Dkt. 8. Judge Bryan adopted the R&R and

7 dismissed the case September 18. Dkts. 10 and 11. Recinos filed an untimely notice of

8 appeal on November 16. Dkt. 12.

9      16.    ***Recinos v. Health Commissioner of Washington State, et al***., Cause No.

10 23-cv-5612 JHC, filed July 9, 2023. Recinos sued a variety of health care providers for

11 $3.25 million, alleging they "excluded public disclosure to avoid liability of the actions

12 taken that harmed plaintiff causing medical anomalies that could have killed her." Dkt. 1-

13 1 at 4. She also sought criminal arraignment of the providers for attempted murder. *Id*. at

14 5. Recinos filed 15 motions between August 3 and August 7. Dkts. 9, 10, 11, 12, 14, 15,

15 16, 17, 18, 19, 23, 24, 25, 26 and 27. Judge John Chun dismissed the case without

16 prejudice and with leave to amend on August 7. Recinos filed an amended complaint the

17 same day, Dkt. 31. She also filed a supplement, Dkt. 32, two more amended complaints,

18 Dkts. 34 and 35, a notice of suspected criminal activity, Dkt. 33, and various other

19 motions, notices, letters, and records. Dkts. 36, 37, 38, 41. On August 14, Judge Chun

20 struck those filings, and permitted Recinos a final chance to file a complaint stating a

21 plausible claim. Dkt. 42. Recinos did so the same day. Dkt. 43. She also filed that day an

22 affidavit, Dkt. 44, a motion for default judgment, Dkt. 45, and an amended motion for

default judgment, Dkt. 46. Judge Chun just as quickly dismissed the case without prejudice and without leave to amend, on August 14. Dkts. 47 and 48. Recinos filed another wave of post-judgment motions and documents, Dkts. 49, 50, 51, 52, 53, 54, and 55. On August 21, Judge Chun struck these filings as improper, and directed the clerk not to docket further filings in this closed case. Dkt. 56. Recinos filed 11 additional motions, reports, and notices, all of which were stricken. Recinos attempted to appeal to the Ninth Circuit on October 4. Dkt. 70. Her appeal was dismissed as untimely on October 28. Dkt. 75. Recinos attempted to appeal to the United States Supreme Court and attempted again to appeal to the Ninth Circuit. Dkts. 76, 77, 78, 80, 81, and 82. The Ninth Circuit issued its Mandate on November 20. Dkt. 83.

17. ***Recinos v. Chase Bank and Mike Kreidler***, Cause No. 23-cv-5643 BHS, filed July 18, 2023. Recinos requested "$3.25 million USD for pain and suffering related to this oppression. CHASE BANK is EXEMPTING PUBLIC DISCLOSURE of an ILLEGAL LOAN placed into the plaintiff's credit card account without her knowledge or consent. LOAN AMOUNT IS HIDDEN AND THEREFORE UNKNOWN." She asserted that Kreidler "tried to place a secret loan on her property." She also complains that the Mormon Church intervened to "keep it all quiet." Dkt. 1-1 at 3–4. Magistrate Judge Christel recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 7. Recinos filed two additional motions, Dkts. 8 and 9, but did not object to the R&R until September 20, two weeks after it was adopted. Dkt. 12.

1   This Court adopted the R&R and dismissed the case on September 7. Dkts. 10 and 11.

2   Recinos filed an untimely Notice of Appeal on October 19. Dkt. 14.

3       18.     ***Recinos v. Employment Security Department and Maxim Healthcare***,

4   Cause No. 23-cv-5713 DGE, filed August 9, 2023. Recinos sought $3.25 million for

5   "fraudulent dealings and pretending I am employed at Maxim when they fired me in

6   October 2021, yet still not giving me unemployment." Dkt. 1-1 at 3. Magistrate Judge

7   Leupold recommended the Court deny Recinos's application to proceed *in forma*

8   *pauperis* and dismiss the case without prejudice and without leave to amend, for failure

9   to state a plausible claim. Dkt. 12. Recinos appealed to the Ninth Circuit on October 16.

10  Dkt. 16. Judge Estudillo adopted the R&R and dismissed the case for failure to state a

11  claim on October 17. Dkts. 14 and 15. The Ninth Circuit dismissed Recinos's appeal on

12  November 17. Dkt. 19.

13      19.     ***Recinos v. City of Tacoma, et al.,*** Cause No. 23-cv-5754 DGE, filed

14  August 22, 2023. Recinos sought *in forma pauperis* status to file a complaint asking the

15  City to ensure that her ex-husband, Juan Recinos, had no interest in property left to her by

16  her grandparents. She also sought the removal of a "sewer lien" on the property. Dkt. 1-1

17  at 3–4. Magistrate Judge Fricke recommended the Court deny *in forma pauperis* status

18  and dismiss the complaint without prejudice and without leave to amend, for failure to

19  state a plausible claim. Judge Estudillo adopted the R&R and dismissed the case on

20  October 17. Dkts. 10 and 11. Recinos appealed the next day. Dkt. 12. Her seemingly

21  unnecessary motion for an extension of time to file a notice of appeal is pending. Dkt. 14.

22

1     20.    ***Recinos v. Washington State Nursing Commission, et al.,*** Cause No. 23-

2  cv-5762 DGE, filed August 24, 2023. Recinos sued the state Nursing Commission and

3  various individuals for $3.25 million, for "stealing my lifetime career and happiness as a

4  Registered Nurse." Dkt. 1-1 at 3. She apparently contends she lost her nursing credential

5  in 2010. *Id*. at 4. On September 15, Magistrate Judge Christel recommended the Court

6  deny Recinos's application to proceed *in forma pauperis* and dismiss the case without

7  prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 3. On

8  October 16, Recinos appealed to the Ninth Circuit, Dkt. 7. On October 17, Judge

9  Estudillo adopted the R&R and dismissed the case. Dkt. 5 and 6. The Ninth Circuit

10  dismissed Recinos's appeal on November 17. Dkt. 10.

11     21.    ***Recinos v. City of Orting, et al.,*** Cause No. 23-5772 RJB, filed August 26,

12  2023. Recinos sought "$3.25 million USD in pain and suffering and SANCTIONS TO

13  ALL WHO DID NOT RESPOND TO THESE EMERGENT ISSUES." Dkt. 1-1 at 3. The

14  emergent issues apparently involve a natural gas leak and a problem with her septic

15  system. She also asked that defendants "fix gas leaks septic plumbing and everything else

16  that was hidden in documented home insurance inspections with the EXEMPTION OF

17  PUBLIC DISCLOSURE." *Id*. at 4. Magistrate Judge Leupold recommended the Court

18  deny Recinos's application to proceed *in forma pauperis* and dismiss the case without

19  prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 4. Judge

20  Bryan adopted the R&R and dismissed the case on October 12. Dkt. 6 and 7. Recinos

21  appealed to the Ninth Circuit four days later. Dkt. 8.

22

1       22.   ***Recinos v. Butte Homeowners Association, et al.,*** Cause No. 23-cv-5780

2   LK, filed August 29, 2023. Recinos sought "$3.25 million USD for procrastinating the

3   repair of major home damages creating worsening conditions for the entire community."

4   Dkt. 1-1 at 3. She alleged that various damage to her home required repairs, and

5   apparently contended that the Homeowners Association was responsible for the damages

6   or the repairs, or both. On September 15, Judge Lauren King ordered Recinos to show

7   cause why the Court had subject matter jurisdiction over the dispute. Recinos filed a

8   variety of documents, including a motion for summary judgment, but did not address the

9   Court's inquiry. Judge King dismissed the case without prejudice and without leave to

10   amend on September 20. Dkts. 21 and 22. Recinos appealed October 4. Dkt. 30.

11       23.   ***Recinos v. Kreidler, et al.***, Cause No. 23-cv-5791 DGE, filed September 2,

12   2023. Recinos asserted that she was injured while working for MultiCare but never

13   received L&I benefits. She sought $3.25 million. She also alleged that MultiCare

14   committed medical malpractice in treating her and her son. Dkt. 1-1 at 4–5. Magistrate

15   Judge Christel recommended the Court deny Recinos's application to proceed *in forma*

16   *pauperis* and dismiss the case without prejudice and without leave to amend, for failure

17   to state a plausible claim. Dkt. 4. On October 16, Recinos appealed. Dkt. 8. On October

18   17, Judge Estudillo adopted the R&R and dismissed the case. Dkts. 6 and 7. The Ninth

19   Circuit dismissed Recinos's appeal on November 20.

20       24.   ***Recinos v. Recinos, et al.***, Cause No. 23-cv-5792 DGE, filed September 2,

21   2023. Recinos again sued her ex-husband, alleging he violated her right to life when he

22

attempted to murder[3] her in 2010. Dkt. 1-1 at 4. She asked the Court to send him to prison. She named, but did plead any facts supporting any claims against, additional defendants, including, again, Insurance Commissioner Kreidler. Magistrate Judge Leupold recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Judge Estudillo adopted the R&R and dismissed the case on October 3. Dkts. 4 and 5. Recinos appealed on October 18. Dkt. 6.

25. ***Recinos v. Vision Quest Chiropractic, et al.***, Cause No. 23-cv-5852 BHS, filed September 20, 2023. Recinos sought $3.25 million from Vision Quest Chiropractic for violating her constitutional rights. Dkt. 4-1 at 4–5. She apparently disputes a lien on something, but she does not identify the lien, what it is attached to, or Vision Quest's connection to it. On October 16, before her applications to proceed *in forma pauperis*, Dkts. 1 and 4, were even decided, Recinos filed a Notice of Appeal. Dkt. 5. On October 23, Magistrate Judge Leupold recommended the Court deny Recinos's application to proceed *in forma pauperis* and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 6. This Court adopted the R&R and dismissed the case on November 6. Dkts. 8 and 9. The Ninth Circuit dismissed Recinos's appeal on November 16. Dkt. 12.

\*\*\*

---

[3] This allegation is apparently true.

Recinos has also filed eleven new, but sometimes repetitive and similarly frivolous cases, since October 15. The new cases (as of this writing) are:

- ***Recinos v. UPS Store #3502, et al***., Cause No. 23-cv-5948 BHS, filed October 15, 2023.

- ***Recinos v. St Joseph Medical Center, et al***, Cause No. 23-cv-6006 BHS, filed November 3, 2023.

- ***Recinos v. Moreau, et al***., Cause No. 23-cv-6019 BHS, filed November 8, 2023.

- ***Recinos v. Winship, et al***., Cause No. 23-cv-6020 BHS, filed November 8, 2023.

- ***Recinos v***. ***Discount Tire, et al***., Cause No. 23-cv-6033 BHS, filed November 10, 2023.

- ***Recinos v***. ***State of Washington***, Cause No. 23-cv-6060 BHS, filed November 20, 2023.

- ***Recinos v***. ***State of Washington, et al***., Cause No. 23-cv-6069 DGE, filed November 27, 2023.

- ***Recinos v. Perce County Risk Management, et al***., Cause No. 23-cv-6080 BHS, filed November 27, 2023.

- ***Recinos v***. ***State of Washington, et al***., Cause No. 23-cv-6081 DGE, filed November 27, 2023.

- ***Recinos v***. ***Washington State, et al***., Cause No. 23-cv-6086 DGE, filed November 28, 2023.

1    • ***Recinos v. Dr. Gessell Orthodontics, et al***., Cause No. 23-cv-6087 DGE, filed

2    November 28, 2023.

3        The procedural and substantive merit of each of these cases will be addressed in

4    separate orders. In the meantime, however, based on the volume of baseless filings

5    Recinos has already made in this Court over the past nine months, this Order is **NOTICE**

6    to Recinos of the Court's intention to enter an Order barring her from filing any

7    additional pro se cases in this District. Recinos may respond to this Order, and **SHOW**

8    **CAUSE** in writing why such a Bar Order should not be entered, within **21 days**.

9    ## II.    DISCUSSION

10       District courts have the inherent power to enter pre-filing orders against vexatious

11   litigants under The All Writs Acts, 28 U.S.C. § 1651(a). *Molski v. Evergreen Dynasty*

12   *Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("Under the power of 28 U.S.C. § 1651(a),

13   enjoining litigants with abusive and lengthy histories is one such form of restriction that

14   the district court may take."). Although such orders should be used sparingly, "[f]lagrant

15   abuse of the judicial process cannot be tolerated because it enables one person to preempt

16   the use of judicial time that properly could be used to consider the meritorious claims of

17   other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

18       In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant

19   has received notice and a chance to be heard before the order is entered, (2) there is an

20   adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4)

21   the vexatious litigant order is "narrowly tailored to closely fit the specific vice

22   encountered." *De Long*, 912 F.2d at 1147-48; *Molski*, 500 F.3d at 1057.

1    The first two factors are procedural, while the "latter two factors . . . are

2    substantive considerations . . . [that] help the district court define who is, in fact, a

3    'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior

4    while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at

5    1058.

6    **A.    Notice and Opportunity to be Heard.**

7    The first factor requires that an individual has fair notice of the possibility that

8    they may be declared a vexatious litigant, and further, that they be given an opportunity

9    to oppose the order before it is entered. *Id*. at 1147, 1058. This does not require the court

10   to hold an in-person hearing, as "the opportunity to brief the issue fully satisfies due

11   process requirements." *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL

12   6020010, at *3 (N.D. Cal. Dec. 3, 2012) (quoting *Molski,* 500 F.3d at 1058); *see Gavin v.

13   City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12,

14   2016) (holding opportunity to file a written opposition satisfies first *De Long* factor;

15   collecting cases). This Order is notice to Recinos that the Court intends to enter a bar

16   Order, and it provides her an opportunity to submit a written response before a pre-filing

17   Order is potentially entered against her.

18   **B.    Adequate Record for Review.**

19   An adequate record for review should include a listing of all the cases and motions

20   that lead the district court to conclude that a vexatious litigant order is needed. *De Long*,

21   912 F.2d at 1147 (*citing Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)).

22

At a minimum, the record should show that the litigant's activities are numerous or abusive. *De Long*, 912 F.2d at 1147.

The Court has described above each of Recinos's first 25 cases, their procedural history, and Recinos's relentless filing of improper, incomprehensible, and irrelevant motions and other documents, her failure to follow the Federal Rules of Civil Procedure, and her refusal or inability to comply with express court Orders. The Court has outlined the consistent dismissal of her meritless and repetitive complaints for failure to state a plausible claim. This Court will address the merits of each of Recinos's eleven newly-filed cases in each such case.

But even without addressing the merits of this new wave of cases, Recinos has already amply demonstrated that she is an abusive, harassing, vexatious litigant. She has filed ten new cases this month, many of which are asserted against a defendant she has sued before.

**C.   Frivolous or Harassing Filings.**

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Because this factor requires substantive consideration, courts look toward a separate set of considerations that provide a "helpful framework":

(1) the litigant's history of litigation, and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, in other words, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 1058. These five substantive factors help determine whether a party is a vexatious litigant and, if so, the sanction that is required to stop the vexatious litigation. *Id.* (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). The final consideration—whether other remedies would be adequate to protect the courts and other parties—is particularly important. *Ringgold Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1062 (9th Cir. 2014).

Recinos's previous filings demonstrate that she is a vexatious litigant. First, Recinos has filed 36 actions in nine months, and every one that has been addressed substantively has been dismissed for failure to state a plausible claim. *See Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering vexatious litigant order against a plaintiff who had filed five similar actions over a period of ten years). Second, Recinos has identified no viable legal theory in support of any of her numerous claims, despite the massive volume of filings she has offered in support of her claims and grievances. Recinos has yet to articulate any plausible claim against anyone.

Recinos has sought to bring these claims (and her inevitable appeals of orders dismissing them as lacking legal or factual merit) *in forma pauperis*, using the Court's limited resources to air all her grievances against anyone. Recinos does not appear to

have ever served any defendant, so her filings have not wasted her opponents' time. But the sheer volume of frivolous filings has placed a severely unreasonable burden on this District. The third and fourth factors weigh heavily in favor of a bar order.

Finally, other sanctions, including monetary fines, would be overly punitive and ineffectual. One consistent feature of all her claims is that Recinos has no assets. A fine would not and could not dissuade Recinos from continued filings; she could not pay it in any event. Her *in forma pauperis* applications and her other filings have shown that she does not have the ability to pay for even one of these cases, or even one of her appeals.

Recinos has been filing an average of about three lawsuits a month. She files something in at least one of her cases almost every single day. All her filings are frivolous or fantastical, legally unsupportable, and without legal or factual merit as a matter of law. None have even been served. Her filings, both the number of cases and the absurd amount of motions and other submittals, have imposed a substantial and unreasonable cost on this District. The Court cannot, and is not required to, continue to entertain such nonsensical and unproductive filings.

**D.     Narrowly Tailored.**

The final factor requires that a pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (*citing Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the plaintiff's specific practices. *See, e.g., Wood*

*v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable detail the act or acts sought to be restrained).

Recinos has brought three dozen facially meritless lawsuits in this District, this year. The specific vice the Court seeks to address and remedy is the serial filing of facially frivolous or fantastical lawsuits, and the even more burdensome filing of a constant barrage of wholly improper, baseless motions and other papers, by a *pro se* litigant.

## ORDER TO SHOW CAUSE

Based on these findings and a thorough review of the record, the Court **ORDERS** Plaintiff Recinos to **SHOW CAUSE** in writing why the Court should not issue a Bar Order finding Recinos to be vexatious litigant, and ending her ability to file additional such cases pro se in this District. Such a Bar Order specifically would include the following restrictions:

1) Recinos is prohibited from filing any pro se civil action in the Western District of Washington unless the complaint or petition is accompanied by an affidavit signed under penalty of perjury attesting and demonstrating that the complaint contains new allegations not previously litigated. Recinos may not proceed *in forma pauperis* in civil action without a showing that she is in imminent danger of serious bodily injury or death. Any proposed complaint or petition not accompanied such an affidavit or a showing imminent danger will not be filed. This is true whether Recinos pays a filing fee, or not.

2) The Clerk will initially file any of Recinos's future *pro se* complaints and/or *in forma pauperis* applications in a miscellaneous case specifically designated for this purpose. The Clerk shall open a miscellaneous case, *In re Tiffany Recinos*, for this purpose, and shall file this Order in that new miscellaneous case. The Court will screen each proposed filing to determine whether it shall be filed.

3) The Clerk will not issue summonses in any *pro se* action Recinos attempts to file in this District without prior approval of the Court.

4) The Court may dismiss any future *pro se* complaint, and deny any motions for *in forma pauperis* status, upon a finding that the complaint suffers from the same defects outlined above, or is otherwise without merit, without issuing an order to show cause or permitting Recinos to file an amended complaint.

5) This pre-filing screening will not apply to any filing made in this District where Recinos is represented by counsel. Any such complaint accompanied by a filing fee may immediately receive a civil number. The Court will nevertheless *sua sponte* dismiss any such filing that is facially frivolous.

The Clerk shall file this Notice of Intent to Enter a Bar Order in each of the 36 cases Recinos has filed in this District this year.

Plaintiff Recinos's Response to this Order is due **no later than 21 days** from the date of this Order and may not exceed 12 pages. She may file it in this case or any other, but she need not file it in each case. No motions, attachments, exhibits, statements, or supporting documentation will be considered. If Recinos continues with the sorts of filings she has made so far, the Court will enter the Bar Order restricting her ability to

file any pro se cases in this District. The failure to file a response will also result in the

issuance of a Bar Order.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2023.

BENJAMIN H. SETTLE
United States District Judge